AUSCAPE INTERNATIONAL, on its own behalf and on behalf of The Estate of Jean–Paul Ferrero, and Graham Robertson, Johnny Autery, Carlo Bertelli, Herb Greer, Klaus Guldbrandsen, Jay Maisel, Loren McIntyre, Peter Menzel, Tom Nebbia, Oxford Scientific Films, Art Rodgers, Phil Schofield, Nick Sebastian, Walter A. Starck II, Lynn Stone, Richard Swanson, Pete Turner, Catherine Ursillo, Adam Woolfitt, Plaintiffs–Appellants,

v.

NATIONAL GEOGRAPHIC SOCIETY, its wholly owned subsidiary National Geographic Ventures, and its wholly owned subsidiary, National Geographic Holdings, Inc. f/d/b/a, National Geographic Interactive and National Geographic Enterprises Inc., Image Collection & Image Sales, an operating division of National Geographic Society, Mindscape Inc., a division of the Learning Company, Leadingside, Inc. f/k/a Dataware Technologies, Inc., Eastman Kodak Company, Bell & Howell Company, Proquest Information and Learning Company f/k/a Bell & Howell Information and Learning Company, Howell Information and Learning Company f/k/a UMI Company fka University Microfilms Inc., and Does 1 Through 100, Defendants–Appellees.

No. 07–0754–cv.

United States Court of Appeals, Second Circuit.

June 27, 2008.

Surjit P. Soni, The Soni Law Firm, Pasadena, CA, for Appellants.

Robert G. Sugarman (Denise Alvarez, Jaime S. Kaplan, on the brief) Weil, Gotshal & Manges LLP, New York, NY, Terrance B. Adamson, Angelo M. Grima, Karen Kerley–Schwartz, National Geographic Society, of counsel, Washington, DC, Kenneth W. Starr, Christopher Landau, Kirkland & Ellis LLP, of counsel, Washington, DC, for Appellees.

Present: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants, photographers whose work has appeared in "The Complete National Geographic" CD–ROM and DVD, appeal from a November 7, 2006 decision of the United States District Court for the Southern District of New York (Kaplan, *J.*) granting defendants' motion for partial summary judgment on plaintiffs' "further use" contract claims. The district court certified its ruling pursuant to Rule 54(b) insofar as it resolved these claims. We assume familiarity with the procedural posture, the issues now before us on appeal, and the background of this litigation, much of which is recounted in our previous opinion. *See Faulkner v. Nat'l Geographic Enters.*, 409 F.3d 26 (2d Cir.2005).

We review the district court's grant of summary judgment *de novo* drawing all reasonable inferences and resolving all factual disputes in favor of the non-moving party. *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir.2003). Summary judgment is appropriate only where the court determines there are no

genuine issues of material fact to be tried and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Having reviewed the record, we find that summary judgment with respect to the so-called "further use" contract claims was indeed appropriate for substantially the reasons set forth in the thorough opinion of the district court. On repeated occasions, we have cautioned that "[a] party opposing a motion for summary judgment simply cannot make a secret of his evidence until the trial, for in doing so he risks the possibility that there will be no trial." *Donnelly v. Guion,* 467 F.2d 290, 293 (2d Cir.1972). Weeding out cases that appear to be destined for dismissal on a defendant's motion for judgment as a matter of law is the "very purpose of summary judgment." *Weinstock v. Columbia Univ.,* 224 F.3d 33, 49 (2d Cir.2000).

In the papers submitted to the district court, the plaintiffs' conclusory interpretation of the contracts was contradicted by the consistent course of dealings between the parties. It is hornbook contract law that:

> Course of dealing may become part of an agreement either by explicit provision or by tacit recognition, or it may guide the court in supplying an omitted term. Like usage of trade, it may determine the meaning of language or it may annex an agreed but unstated term. There is no requirement that an agreement be ambiguous before evidence of a course of dealing can be shown, nor is it required that the course of dealing be consistent.

Restatement (Second) of Contracts, § 223 (1981) cmt. b. We have extended the course-of-dealings doctrine "to include evidence that a party has ratified terms by failing to object," provided there is "an indication of the common knowledge and understanding of the parties." *See New Moon Shipping Co. v. MAN B & W Diesel AG,* 121 F.3d 24, 31 (2d Cir.1997). In light of such uncontroverted evidence in this case, the district court properly granted summary judgment. *See SCS Commc'ns, Inc. v. Herrick Co.,* 360 F.3d 329, 342 (2d Cir.2004) (even where a contract is "ambiguous as to intent, summary judgment is still proper when 'the extrinsic evidence is so one-sided that no reasonable factfinder could decide contrary to one party's interpretation'") (quoting *Collins v. Harrison–Bode,* 303 F.3d 429, 434 (2d Cir.2002)).

Finally, we note that many of the claims advanced by plaintiffs in this Court go outside the stipulation that led to the Rule 54(b) certification. Accordingly, we do not consider them.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**